IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINITA JESSE ENNIS               :

   v.                              :  Civil Action No. DKC 10-1015
                                          Criminal Case No. DKC 08-0529

UNITED STATES OF AMERICA          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate, set aside, or correct sentence filed by Petitioner Quinita Jesse Ennis. (ECF No. 114). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I.  Background**

Petitioner was charged by a ten-count indictment with offenses arising from an armed bank robbery. Pursuant to a written agreement with the government, she pleaded guilty, on December 29, 2008, to conspiracy to commit armed bank robbery (18 U.S.C. § 371), armed bank robbery (18 U.S.C. § 2113(a) & (d)), and making a false statement in connection with a firearm purchase (18 U.S.C. § 922(a)(6)). On June 1, 2009, she was sentenced to a total term of imprisonment of 120 months, to be

followed by a five-year term of supervised release. Petitioner did not appeal.

On April 23, 2010, the clerk received for filing the pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 114). The government was directed to respond, and did so on June 8, 2010. (ECF No. 121).

**II. Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his or her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have her arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**III. Analysis**

Petitioner advances claims of ineffective assistance of counsel based on allegations that her counsel failed to conduct

proper investigation of her background, provided incorrect advice regarding application of the sentencing guidelines, failed to object to enhancements under the guidelines, failed to call character witnesses, and failed to devote appropriate time to the case. She further contends that her plea was not knowing, voluntary, and intelligent.

A.  **Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are governed by the familiar standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Petitioner must show both that her attorney's performance fell below an objective standard of reasonableness and that she suffered actual prejudice as a result. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In scrutinizing counsel's performance, courts must be highly deferential; indeed, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct. *Id*. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye*

3

*v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted from the alleged deficiency. *See Strickland*, 466 U.S. at 697.

A petitioner who pleads guilty has an especially high burden in establishing ineffective assistance of counsel. As the Supreme Court recently explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, --- U.S. ----, 131 S.Ct. 733, 745-46 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea has a "substantial burden . . . to avoid the plea[.]" *Id*. at 746.

That burden has not been met here. Petitioner asserts that her trial counsel failed to investigate her family history and psychiatric background, but provides no substantiation for her claim. In fact, the record reflects that counsel apprised the court of relevant facts regarding Petitioner's background in a sentencing memorandum and at the sentencing hearing. It is unclear what additional facts could have impacted Petitioner's sentence, and Petitioner has failed to identify any. Similarly, while Petitioner contends that her counsel gave incorrect advice concerning application of the sentencing guidelines and failed

4

to object to enhancements, she has not provided any specific information regarding her counsel's alleged shortcomings in this regard. Absent any allegation as to what advice was incorrect or why any enhancement was improperly applied, she cannot meet her heavy burden under *Strickland*. Petitioner also faults her counsel for failing to call character witnesses, but she has not volunteered who those witnesses might have been or what they would have contributed. Moreover, the record reflects that members of Petitioner's family were present at the sentencing proceeding and her mother was permitted to address the court. Insofar as Petitioner contends that her counsel failed to devote sufficient time to the case, her claim is belied by the record. At the plea colloquy, Petitioner was specifically asked whether counsel had spent the time she thought was necessary in consultation with her, and she answered affirmatively, under oath. Even if she had not sworn to the contrary during the plea colloquy, Petitioner's bare assertion that her trial counsel did not spend enough time working on the case could not satisfy either prong of the *Strickland* analysis.

**B.  The Guilty Plea**

Petitioner separately contends that she was unaware or unadvised that sentencing enhancements regarding unrelated conduct could apply, rendering her plea unknowing. This argument, raised in purely conclusory fashion, essentially

5

amounts to an attempt by Petitioner to withdraw her guilty plea after-the-fact. The argument is, moreover, undermined by the record, which demonstrates that guideline enhancements were spelled-out in the plea agreement and reviewed by the court.

The procedure by which the court considers and accepts a defendant's guilty plea is set forth in Rule 11 of the Federal Rules of Criminal Procedure. Pursuant to that rule, the defendant may be placed under oath and the court must advise and question her, "personally in open court," confirming her understanding of the litany of rights waived as a result of pleading guilty. Fed.R.Crim.P. 11(b)(1). Before accepting the plea, the court must determine that the plea is "voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)" and that "there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(2), (3).

That procedure was scrupulously followed in this case, and Petitioner does not argue otherwise. Absent any credible evidence of innocence, a defendant is bound by the representations made under oath and may not attack the veracity of those representations by way of a § 2255 motion. *See United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an

evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."); *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (conclusory assertions of innocence do not justify withdrawal of a guilty plea); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy"). Petitioner has presented no evidence in support of her claim that her plea was not knowing, voluntary, and intelligent. Because the record conclusively establishes that it was, her *post hoc*, conclusory allegation to the contrary cannot prevail.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge